MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-mail: Cathy@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 4

In Re: ) Chapter 13
)
JEFFREY C. FARLEY, ) Bankruptcy No. 14-44336
)
) Date: July 7, 2016
) Time: 10 a.m.
) Place: Room 215
Debtor. ) 1300 Clay St. Oakland, CA
_____ ) HON. CHARLES NOVACK

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTION FOR VIOLATION OF DISCHARGE

The debtor has filed a motion for an award of sanctions against JJR, an entity of unknown form, and R-Wild Horse Ranch Owners Association for violation of the discharge entered in this case.

### FACTUAL BACKGROUND

The debtor, a married man, filed this Chapter 13 case on October 29, 2014; his spouse Lora Farley ("Lora") did not join in the case.

The plan was funded by the sale of the spouses' home and the plan completed according to its terms. A discharge was entered on November 10, 2015.

R-Wild Horse Ranch Owner's Association ("Original Creditor") was scheduled and included in the amended creditor matrix.

Debtor is informed and believes that Original Creditor transferred its interest in its claim to JJR

During the pendency of the case, JJR sought to garnish the wages of the non filing spouse. On or about July 20, 2015, debtor's counsel wrote JJR reciting the pertinent facts of the bankruptcy case and demanding withdrawal of the earnings withholding order. A copy of the letter to JJR is attached to the Declaration of Cathleen Cooper Moran, filed herewith.

Notwithstanding actual knowledge of the bankruptcy case of Jeffrey, and the entry of a discharge in that case, JJR caused to be issued on March 1, 2016 an Earning Withholding Order ("EWO") directed at Lora's employer.

Debtor's counsel faxed to JJR a letter asserting the protection of the bankruptcy discharge as to post petition community property wages of Debtor's spouse and demanding the recall of the EWO. No response has been received from JJR.

## LEGAL ARGUMENT

1. **Discharge protects non filer's post filing wages**

   Section 524(a)(3) provides that a discharge in bankruptcy

   > (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim...

   See *Rooz v. Kimmel,* 378 B.R. 630 (9th Cir. BAP 2007) ( 2008 U.S. App. LEXIS 26654 (9th Cir., Nov. 25, 2008)).

   The debtor remains married to Lora and no agreements exist that would characterize Lora's wages as anything other than community property.

2. **Violation of the discharge injunction is remedied under the court's contempt power**

   The 9th Circuit in *Knupfer v. Lindblade* (In Re Dyer), 322 F.3d 1178, 1191-92 (2003) held that section 105 provided the authority for enforcement of the discharge injunction.

The discharge injunction is enforced by motion. *Barrientos v. Wells Fargo*, 633 F.3d 1186 (9th Cir. 2011).

3. **JJR's actions are knowing and intentional**

To sanction a party for contempt for actions violating the discharge injunction, the debtor must show by clear and convincing evidence that the actor knew the discharge injunction was applicable and intended the actions which violated the injunction. *ZiLOG, Inc.* 450 F.3d 1186 (9th Cir. 2006).

The record shows that R-Wild Horse Ranch Owners Association was added as a creditor in the debtor's Creditor Mailing Matrix (Docket 25) and received service of amended schedules (Docket 26). R-Wild Horse Ranch Owners Association received notice of the entry of the discharge (Docket #118).

During the pendency of the case, counsel for the debtor interacted with JJR who apparently acquired the interest of Original Creditor and attempted to garnish the community property wages of the debtor's non filing spouse. See Declaration of Cathleen Cooper Moran, filed herewith.

Notwithstanding actual knowledge of the bankruptcy case, JJR caused an EWO to be issued directed at debtor's wife, Lora. That act is indisputably intentional.

Upon learning of the EWO, counsel for the debtor faxed a cease and desist letter to JJR, enclosing a copy of the discharge. See Declaration of Cathleen Cooper Moran, filed herewith. There has been no response to that letter nor has debtor's wife or counsel received notice of the recall of the EWO.

4. **Assignor of judgment liable for violation of discharge**

Creditors who have knowledge of a bankruptcy filing and transfer an affected claim without providing the transferee with information about the filing can be held liable for the transferee's violations of the discharge. *Laboy*, 2010 Bankr. LEXIS 345 (Bankr. D. P.R. 2010).

*Laboy* involved collection actions by a transferee of discharged debt which the transferee tried to collect some 13 years after entry of the discharge. As part of the

analysis, the court in *Laboy* observed:

> "[c]reditors are obligated to maintain procedures to ensure that they do not violate section 524, and may be held liable for damages and attorney's fees if they do not." Alan N. Resnick & Henry J. Sommer, 4 *Collier on Bankruptcy P524.02[b]* (15th ed. 2009); See *In re Roush, 88 B.R. 163, 165 (Bankr. S.D. Ohio 1988)*; *Faust v. Texaco (In re Faust), 270 B.R. 310,* N. Resnick & Henry J. Sommer, 4 *Collier on Bankruptcy P524.02[2]* (15th ed. 2009). *Id* at 17.

The debtor and his spouse are without information about when JJR obtained rights to the claim in question or about the nature and extent of those rights. It is clear however, that R-Wild Horse Ranch Owners Association had repeated notice of the bankruptcy case.

5. **Debtor and his spouse have incurred actual damage**

As a result of the wrongful attempt by JJR to collect a community claim from Lora Farley's post petition community property wages, the Farley's have experienced worry, frustration, and embarrassment in Lora's workplace. The Farley's have incurred attorneys fees seeking to remedy the violation and in the bringing of this motion.

This case is an appropriate case for an award of exemplary damages in light of JJR's previous violation of the automatic stay and its failure to promptly remedy the discharge violation when advised. If JJR has taken any action to unwind its collection action, it has failed to communicate that to the Farley's, leaving them in a continuing state of stress and subject to continuing legal expense.

MORAN LAW GROUP

Date: 05/31/2016         /s/ Cathleen Cooper Moran
                         CATHLEEN COOPER MORAN
                         Attorney for Jeffrey Farley