MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-mail: Cathy@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 4

In Re:                           ) Chapter 13
                                 )
JEFFREY C. FARLEY,               ) Bankruptcy No. 14-44336
                                 )
                                 ) Date:  July 7, 2016
                                 ) Time: 10 a.m.
                                 ) Place: 1300 Clay St. Oakland, CA
          Debtor.                )
_____  ) HON. CHARLES NOVACK

**DEBTOR'S REPLY TO OPPOSITION OF
R-WILD HORSE RANCH ASSOCIATION**

The opposition of R-Wild Horse Ranch Association ("Ranch"), filed July 1, asserts that it has assigned its interest in the judgment which underlies the collection actions at issue in this motion to JJR and therefore has no responsibility for the violation of the discharge alleged in Debtor's motion. For the reasons developed below, the assignment is ineffective to shield the Ranch from liability for the actions of JJR.

**1. The purported assignment by the Ranch to JJR is invalid**

The assignment of a judgment is governed by California Code of Civil Procedure 673, which provides:

> a) An assignee of a right represented by a judgment may become an assignee of record by filing with the clerk of the court which entered the judgment an acknowledgment of assignment of judgment.
>
> (b) An acknowledgment of assignment of judgment shall contain all of the following:

(1) The title of the court where the judgment is entered and the cause and number of the action.

(2) The date of entry of the judgment and of any renewals of the judgment and where entered in the records of the court.

(3) The name and address of the judgment creditor and name and last known address of the judgment debtor.

(4) A statement describing the right represented by the judgment that is assigned to the assignee.

(5) The name and address of the assignee.

(c) The acknowledgment of assignment of judgment shall be:

(1) Made in the manner of an acknowledgment of a conveyance of real property.

(2) Executed and acknowledged by the judgment creditor or by the prior assignee of record if there is one.

(d) This section is in addition to, and does not limit or restrict, any other means by which an assignee may become an assignee of record.

The assignment proffered by the Ranch as Exhibit C to the Declaration of Stephanie McReynolds fails to conform to CCP 673 in two regards.

First the assignment does not provide the name and addres of the assignee as required by §673(b)(5). The body of the assignment has no address for JJR, the purported assignee. The copy attached to the McReynolds declaration has a signature line for E. McCain, identified as "Judgment Creditor Authorized Signature", but the signature line is blank. Presumably, McCain was intended to be the signatory of the *assignee*, not the judgment creditor.

Secondly, there is no proof that the assignment was filed with the court that entered the judgment as required by CCP 673(a).

The Law Revision Commission comments to CCP 673 include the statement that "unless the assignee becomes an assignee of record by some other means, the failure to file an acknowledgment of assignment of judgment precludes the use by the assignee of a writ of execution and other enforcement remedies".

The Ranch has failed to establish that it made a valid assignment of the judgment in question.

## 2. An assignee for collection is the agent of the assignor

The declarations of Ranch employees Barrett and McReynolds both describe the Ranch's assignment of its old debts to JJR. Under California law, an assignment for collection creates a principal/agent relationship.

> An assignment for collection vests legal title in the assignee which is sufficient to enable him to maintain an action in his own name, but the assignor retains the equitable interest in the thing assigned. Such an assignee has been referred to as the trustee or agent of the assignor, and a fiduciary relationship exists between them. *Harrison v. Adams*, 20 Cal. 2d 646, 650 (1942). (internal citations omitted).

Basic principles of agency make the principal liable for the actions of its agent. See California Civil Code 2330 et seq. In particular, Civil Code section 2338 provides:

> Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal.

The "business of the agency" in the present case was the collection of the judgment against Jeffrey and Lora Farley. When JJR violated the discharge injunction by its collection efforts, the Ranch is liable for the resulting damages.

MORAN LAW GROUP

Date: 07/07/2016  /s/ Cathleen Cooper Moran
CATHLEEN COOPER MORAN
Attorney for Jeffrey Farley