MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-mail: Cathy@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 4

In Re:                                    )    Chapter 13
                                          )
JEFFREY C. FARLEY,                        )    Bankruptcy No. 14-44336
                                          )
                                          )    Date: December 12, 2016
                                          )    Time: 1:30 p.m.
            Debtor.                       )    Place: Room 215
                                          )
                                          )
_____           )    HON. CHARLES NOVACK

**MOVANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS FOR VIOLATION OF DISCHARGE**

Debtor Jeffrey Farley filed Chapter 13 and received a discharge under that chapter on November 10, 2015. At all times relevant, Jeffrey Farley ("Jeff") has been married to Lora Farley ("Lora") and all of their earnings and accumulations are community property.

R-Wild Horse Ranch Owner's Association was listed in Jeff's schedules and discharged at the conclusion of the case. At some time unknown to the Farleys, R-Wild

During the pendency of the Chapter 13 case, Erik McCain, who does business as Jefferson Judgment Recovery, attempted to collect on a judgment assigned by the HOA of R-Wild Horse Ranch against the wages of Lora. Debtor's counsel sent McCain a letter advising him of the pendency of Jeff's case and the application of the automatic stay.

Notwithstanding the entry of the discharge and the 2015 letter from Moran Law

Group, McCain obtained and served an Earnings Withholding Order (EOA") directed at Lora's employer Danville Pediatric Dental Office which is dated March 1, 2016. When that order was eventually served on Lora, Moran Law Group once again faxed a letter to McCain pointing out the operation of 11 U.S.C. 524. When McCain neither responded nor withdrew the EWO, Jeff engaged the Moran Law Group to reopen his case and to enforce the discharge injunction against McCain.

Before the EOA was withdrawn, Lora suffered the loss of a portion of her wages for several pay periods; embarrassment before her co workers; financial distress at home because hers was the only income at the time; and stress, aggravation and a sense of being victimized.

R-Wild Horse was named in the original motion; movant has reached a settlement with R-Wild Horse. No other parties have appeared.

## LEGAL STANDARD

Jeff's discharge protects the after acquired community property from a debt discharged in Chapter 13. 11 U.S.C. 524(a)(3). *Rooz v. Kimmel*, 378 B.R. 630 (9th Cir. BAP 2007).

Section 105 authorizes the bankruptcy court to enforce its discharge order. *Knupher v. Lindblade*, 322 F.3d 1178, 1191-92.

Sanctions require a showing that the actor knew the injunction was applicable and that the actor's actions were intentional. *ZiLOG, Inc*. 450 F.3d 1186 (9th Cir. 2006). McCain had knowledge of Jeff's bankruptcy case prior to the entry of the discharge. He had a further reminder in the form of counsel's letter in May, 2016.

McCain has failed to appear and defend in this matter. He has not communicated with counsel or with Lora. He is a repeat offender in this case, once pre discharge and once post discharge. Once he had a "reminder" of the scope of the discharge, he had a duty to take immediate steps to come into compliance with the discharge order. He failed to do so. The court should impose sanctions in an amount calculated to compel compliance with the discharge.

The Farley's damages include the cost of reopening the bankruptcy case; engaging counsel to bring this motion; and the emotional and financial consequences of an unlawful wage garnishment.

MORAN LAW GROUP

Date: 12/05/2016      /s/ Cathleen Cooper Moran
CATHLEEN COOPER MORAN
Attorney for Jeffrey Farley